IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SALADO CREEK WATER AND AIR COALITION, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 21-848 |
| v. | § | |
| | § | |
| VICTORY ROCK TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**Plaintiff Salado Creek Water and Air Coalition's Original Complaint**

## I. Introduction

1. Salado Creek Water and Air Coalition ("SCWAC") brings this citizen suit against Victory Rock Texas, LLC ("Victory Rock"), under the Federal Clean Air Act ("CAA"), 42 U.S.C. §§ 7401, *et seq.* SCWAC asks this Court to enter declaratory and injunctive relief, civil penalties, and other relief to correct Victory Rock's recurring, unauthorized emissions of dust onto neighboring properties.

## II. Jurisdiction & Venue

2. This Court has subject matter jurisdiction over this action under 28 U.S.C § 1331 (federal question) and 42 U.S.C. § 7604(a) (citizen suit provision of the Clean Air Act). The relief requested is authorized by 28 U.S.C. §§ 2201 and 2202 (further necessary or proper relief based on a declaratory judgment), and 42 U.S.C. § 7604(a) (injunctive relief and civil penalties).

3. Venue is proper under 42 U.S.C. § 7604(c)(1), because Victory Rock is located in the Western District of Texas.

## III. Notice

4. SCWAC has complied with the CAA's statutory notice requirements. *See* 42 U.S.C. § 7604(b). On May 3, 2021, in a letter sent by certified mail to Victory Rock and its registered

agent, SCWAC gave Victory Rock notice of the violations identified in this complaint and of its intent to file suit after 60 days should those violations continue. A true and correct copy of the notice letter, with documentation of its postmark and receipt, is attached as **Exhibit A**.

5. SCWAC also mailed a copy of its notice letter by certified mail to the Administrator of the EPA, the Acting Regional Administrator for EPA Region 6, the State of Texas through the Texas Attorney General, and the Executive Director of Texas Commission on Environmental Quality ("TCEQ").

6. Sixty days have passed since SCWAC served Victory Rock and federal and state agencies with notice of its intent to sue for the violations described in this complaint.

7. Neither the EPA nor the State has commenced or is diligently prosecuting an action to redress the violations described in SCWAC's notice letter and alleged in this complaint.

8. The violations identified in the notice letter are continuing at this time and are reasonably likely to continue in the future.

## IV. Parties

### Plaintiff SCWAC

9. Salado Creek Water and Air Coalition ("SCWAC") is a membership organization whose purposes include protection of the quality of the water and the air in the area of Salado Creek in Bell County, Texas. This region is defined by gently sloping terrain, diverse wildlife, and pristine air.

10. SCWAC's members and their families live in the rural communities surrounding Salado Creek. Emissions from the Victory Rock quarry interfere with the property interests of SCWAC's members. Those interests have been and will continue to be affected by Victory Rock's violations of its air permit.

11. The relief sought by this complaint will redress the harms to SCWAC and its members caused by Victory Rock's unlawful emissions. Their injuries are unlikely to be redressed except by an order from this Court requiring Victory Rock to take immediate and substantial action to stop or minimize dust emissions and to comply with other relief that this Court deems necessary.

12. If successful, this action also will result in civil penalties that will deter future violations that would threaten SCWAC's members' use and enjoyment of the outdoors in the vicinity of Victory Rock's quarry. Victory Rock has applied for a New Source Review Authorization from TCEQ to construct a Rock Crushing Facility at the quarry, because its temporary standard permit only authorizes rock crushing on a temporary basis. Civil penalties will deter future violations of any future permit.

13. SCWAC and its members suffered actual, concrete injuries that are fairly traceable to Victory Rock's violations and are redressable by this Court. SCWAC has no other adequate remedy at law.

**Defendant Victory Rock**

14. The defendant Victory Rock Texas, LLC ("Victory Rock") is an aggregate materials company specializing in producing aggregate materials for use in construction of roads and highways. Victory Rock operates a rock quarry off of Solana Ranch Road in Prairie Dell, Bell County, Texas 76571.

15. Victory Rock is a limited liability corporation registered in Utah. Victory Rock therefore is a "person" under 42 U.S.C. § 7602(e) and subject to citizen suit enforcement under the CAA. *See* 42 U.S.C. § 7604(a)(1).

16. Victory Rock's registered agent is Northwest Registered Agent, LLC, whose mailing address is 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## V. Legal Background

### The Clean Air Act

17. The Clean Air Act is designed to "protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

18. Pursuant to CAA Section 110, 42 U.S.C. § 7410, each State must adopt and submit to the EPA for approval a State Implementation Plan ("SIP") to attain and maintain air quality standards. Pursuant to CAA Section 302(q), 42 U.S.C. § 7602(q), an applicable implementation plan is the implementation plan, or most recent revision thereof, which has been approved by EPA pursuant to CAA Section 110, 42 U.S.C. § 7410, or promulgated by EPA pursuant to CAA Section 110(c), 42 U.S.C. § 7410(c), and which implements the relevant requirements of the Act. Upon EPA approval, SIP requirements are federally enforceable under Section 113 of the Act, 42 U.S.C. § 7413, and 40 C.F.R. § 52.23.

19. Clean Air Act Section 111(b)(1)(A), 42 U.S.C. § 7411(b)(1)(A), requires the Administrator of EPA to publish a list of categories of stationary sources that emit or may emit any air pollutant. The list must include any categories of sources which are determined to cause or significantly contribute to air pollution which may endanger public health or welfare.

20. Clean Air Act Section 111(b)(1)(8), 42 U.S.C. § 7411(b)(1)(B), requires the Administrator of EPA to promulgate regulations establishing federal standards of performance for new sources of air pollutants within each of these categories. "New sources" are defined as stationary sources, the construction or modification of which is commenced after the

publication of the regulations or proposed regulations prescribing a standard of performance applicable to such source. 42 U.S.C. § 7411(a)(2).

21. Texas' SIP implements these provisions by requiring that "before work is begun on the construction of a new facility or a modification of an existing facility that may emit air contaminants, the person planning the construction or modification must obtain a permit or permit amendment from the commission." Tex. Health & Safety Code § 382.0518. Texas issues standard permits for certain new sources of emissions, including for temporary rock crushers. Tex. Health & Safety Code § 382.05195. A violation of a condition of a standard air permit is a violation of the Clean Air Act and enforceable through a citizen suit.

**Citizen Enforcement**

22. The Clean Air Act provides a cause of action for any person to file suit against any other person "who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of [] an emission standard or limitation under this chapter." 42 U.S.C. § 7604(a)(1).

23. The CAA authorizes citizen suits for past violations, so long as those violations are "repeated." 42 U.S.C. § 7604(a); *see Environment Texas Citizen Lobby, Inc. v. Exxon Mobil Corp.*, 824 F.3d 507, footnote 18 (5th Cir.—May 27, 2016).

24. An emission standard or limitation, within the meaning of 42 U.S.C. § 7604(a)(1), is defined in 42 U.S.C. § 7604(f)(4). An "emission standard or limitation" includes "any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations." 42 U.S.C. § 7604(f)(4).

25. A Court is authorized to order injunctive relief as well as civil penalties in amounts up to $102,638 per day for violations occurring after November 2, 2015 and for which penalties are assessed after December 23, 2020. 42 U.S.C. §§ 7413(b) and (e); 40 C.F.R. § 19.4; *see Environment Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 66 F.Supp.3d 875, 911 (E.D. Tex.—Dec. 17, 2014). A court issuing a final order in any CAA citizen suit may also award costs of litigation to any party. 42 U.S.C. § 7604(d).

26. Penalties are paid to the United States Treasury, except that the Court may authorize penalties up to $100,000 to be paid into a beneficial mitigation project fund used to enhance the public health or environment. 42 U.S.C. § 7604(g)(2).

## VI. Facts

27. SCWAC fully incorporates **Exhibit A**, including all attachments to **Exhibit A**, into this complaint.

28. Victory Rock holds an Air Quality Standard Permit for Temporary Rock and Concrete Crushers under TCEQ ID number R09108323940. This standard permit temporarily authorizes air emissions from rock crushing operations at Victory Rock's quarry on Solana Ranch Road.

29. Victory Rock conducted operations at the quarry at least between November 20, 2020 and mid-June of 2021. Victory Rock is currently seeking an air permit from TCEQ to authorize emissions from future rock crushing operations.

30. Victory Rock's operations generate significant amounts of dust emissions. Blasting, digging, rock crushing, vehicle traffic, and raw material stockpiles all generate large clouds of dust.

31. Fugitive dust emissions escape beyond the property boundaries of the quarry, polluting the air in the vicinity of the quarry where SCWAC's members live.

32. Victory Rock's dust suppression measures have been non-existent and/or ineffective.

33. The standard permit authorizing use of the rock crusher requires that water sprays be utilized at the crusher itself, all shaker screens, and all material transfer points. Roads in the facility and raw-material stockpiles must be sprayed with water or a dust-suppressant chemical or covered in order to minimize dust emissions. These measures have not been followed.

34. Victory Rock operations interfere with SCWAC members' use and enjoyment of their property. SCWAC's members have observed dust on trees, rocks, and other structures on their property, as well as in the air surrounding their homes.

35. Some of SCWAC's members face serious health risks by breathing polluted air, which is why they moved to this area to begin with. They are in fear that Victory Rock's emissions will exacerbate their health conditions.

## VII. First Claim for Relief
## (Violations of Condition 1(H))

36. SCWAC incorporates each and every allegation set forth above.

37. Victory Rock has violated CAA § 7411 by emitting pollutants in violation of its Air Quality Standard Permit for Temporary Rock and Concrete Crushers. *See* **Exhibit B** (standard permit).

38. Victory Rock's permit requires that the permittee install permanently mounted spray bars at the inlet and outlet of all crushers, at all shaker screens, and at all material transfer points and used as necessary to maintain compliance with all commission regulations.

39. Commission regulations provide: "No person shall discharge from any source whatsoever one or more air contaminants or combinations thereof, in such concentration and of such duration as are or may tend to be injurious to or to adversely affect human health or welfare, animal life, vegetation, or property, or as to interfere with the normal use and enjoyment of animal life, vegetation, or property." 30 Tex. Admin. Code § 101.4.

40. Victory Rock failed to install water sprays in a manner to prevent emissions of dust from quarry operations carrying onto neighboring properties and interfering with SCWAC's member's normal use and enjoyment of their properties. As a result, Victory Rock violated its permit on at least the following dates:

41. April 8,

42. April 9,

43. April 11,

44. April 15,

45. April 16,

46. April 19,

47. April 20,

48. May 3,

49. May 4,

50. May 5,

51. May 7,

52. May 8,

53. May 10,

54. June 9,

55. June 10,

56. And June 11.

57. Each violation is a separate and distinct violation of 42 U.S.C. § 7411 of the CAA.

58. Neither the EPA nor the State of Texas is diligently prosecuting these permit violations.

## VIII. <u>Second Claim for Relief</u>
## (Violations of Condition 1(I))

59. SCWAC incorporates each and every allegation set forth above.

60. Victory Rock has violated CAA § 7411 by violating applicable requirements of its standard permit.

61. Victory Rock's permit requires that the permittee minimize dust emissions from all in-plant roads and active work areas associated with the operation of the crusher by at least one of the following methods: (i) covered with a material such as, but not limited to, roofing shingles or tire chips (when used in combination with (ii) or (iii)), (ii) treated with dust suppressant chemicals, (iii) watered, or (iv) paved with a cohesive hard surface that is maintained intact and cleaned.

62. It is SCWAC's informed belief that Victory Rock has not adequately implemented the required control measures for roads that are listed in its permit. Roads through the quarry are unpaved and are not watered or sprayed with dust-suppressant chemicals as necessary to minimize dust emissions, as required. As a result, Victory Rock violated its permit on at least the following dates:

63. April 8,

64. April 9,

65. April 11,

66. April 15,

67. April 16,

68. April 19,

69. April 20,

70. May 3,

71. May 4,

72. May 5,

73. May 7,

74. May 8,

75. and May 10.

76. Such emissions from truck loading were especially bad on the days of June 9, June 10, and June 11 of 2021.

77. Each day of violation is a separate and distinct violation of 42 U.S.C. § 7411 of the CAA.

78. Neither the EPA nor the State of Texas is diligently prosecuting these permit violations.

## IX. Third Claim for Relief
## (Violations of Condition 1(J))

79. SCWAC incorporates each and every allegation set forth above.

80. Victory Rock has violated CAA § 7411 by violating applicable requirements of its standard permit.

81. Victory Rock's permit requires that the permittee minimize dust emissions at all stockpiles by sprinkling with water or dust-suppressant chemicals or covering them.

82. Victory Rock failed to adequately sprinkle water or dust-suppressant chemicals over raw-material stockpiles, leading to significant dust emissions rising off those stockpiles and carrying over to neighboring property and polluting the air in the surrounding area. As a result, Victory Rock violated its permit on at least the following dates:

83. April 8,

84. April 9,

85. April 11,

86. April 15,

87. April 16,

88. April 19,

89. April 20,

90. May 3,

91. May 4,

92. May 5,

93. May 7,

94. May 8,

95. and May 10.

96. Each violation is a separate and distinct violation of 42 U.S.C. § 7411 of the CAA.

97. Neither the EPA nor the State of Texas is diligently prosecuting these permit violations.

## X. Prayer for Relief

98. SCWAC respectfully asks this Court to:

99. Issue a declaratory judgment stating that Victory Rock has repeatedly violated the Clean Air Act and the conditions of its Air Quality Standard Permit;

100. Grant appropriate injunctive relief to ensure that Victory Rock prevents the repeated emissions of particulate matter and addresses the local environmental effects of its emissions;

101. Retain jurisdiction over this matter until such time as Victory Rock has come into compliance with the prohibitions, terms, and conditions of the CAA and the injunctive relief ordered by this Court;

102. Assess civil penalties against Victory Rock of up to $102,638 per violation, per day for violations that occurred after November 2, 2015, as provided by 42 U.S.C. §§ 7413(b) and (e) and the Adjustment of Civil Monetary Penalties for Inflation, 40 C.F.R. pt. 19;

103. Award SCWAC its costs, including reasonable attorney fees, as authorized by 42 U.S.C. § 7604(d); and

104. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted on August 16, 2021.

By:
/s/ Eric Allmon
Eric Allmon
Texas Bar No. 24031819
eallmon@txenvirolaw.com

**PERALES, ALLMON & ICE, P.C.**
1206 San Antonio St.
Austin, Texas 78701
Tel: (512) 469-6000
Fax: (512) 482-9346

*Attorney for Salado Creek Water and Air Coalition*

**EXHIBITS**

Exhibit A – Plaintiff SCWAC's Notice of Intent to Sue Letter (May 3, 2021).
Exhibit B – TCEQ Air Quality Standard Permit for Temporary Rock and Concrete Crushers (effective date: July 31, 2008).